UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS A. BOYLAN,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. MORGAN, in his capacity as Acting Commissioner of the United States Customs and Border Protection; UNITED STATES CUSTOMS AND BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES DEPARTMENT OF THE TREASURY; and DOES 1–100,<br><br>Defendant. | Case No.: 3:20cv1967-WQH-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRE-ANSWER EARLY NEUTRAL EVALUATION CONFERENCE AND EXPEDITED DISCOVERY**<br><br>[ECF No. 8] |

Before the Court is Plaintiff Nicholas Boylan's ("Plaintiff") motion for pre-answer Early Neutral Evaluation Conference ("ENE") and expedited discovery. ECF No. 8. For the reasons set forth below, the Court **DENIES** the motion.

### I.     BACKGROUND

On October 6, 2020, Plaintiff filed suit in this district, alleging violations of his Fourth and Fifth Amendment rights, violations of the Administrative Procedures Act, and

seeking records under the Freedom of Information Act, relating to his denied entry into the Global Entry Trusted Traveler Program. ECF No. 1. Currently pending before the Court are Defendants' motions to dismiss. ECF Nos. 5, 12. As such, no Defendant has answered Plaintiff's complaint.

On December 8, 2020, Plaintiff filed the instant motion. ECF No. 8. On December 18, 2020, pursuant to a slight extension granted by the Court (ECF No. 11), Defendants filed their opposition. ECF No. 13. This Order follows.

## II.   DISCUSSION

In the instant motion, Plaintiff seeks an order from the Court requiring a pre-answer ENE, as well as expedited discovery. ECF No. 8. The Court will address these in turn.

### A. Plaintiff's Request for a Pre-Answer ENE

In this district, the Court generally conducts ENEs within forty-five days of the filing of an answer. *See* CivLR 16.1(c)(1) ("Within forty-five (45) days of the filing of an answer, counsel and the parties must appear before the assigned judicial officer supervising discovery for an early neutral evaluation conference"); *Seoane v. Lexisnexis Risk Data Mgmt.*, No. 11cv0908 L-WMc, 2011 WL 2132844, at *1 (S.D. Cal. May 26, 2011); *Yang v. DTS Financial Group*, 570 F. Supp. 2d 1257, 1261 (S.D. Cal. 2008). However, "[a]t any time after the filing of a complaint and before an answer has been filed, counsel for any party may make a request in writing to the judicial officer assigned to supervise discovery in the case to hold an early neutral evaluation conference[.]" CivLR 16.1(c)(1). Upon such a request, the Court "will examine the circumstances of the case and the reasons asserted for the request[,]" and determine whether an expedited ENE would reduce the "expense and delay" of litigation. *Id.*; *Seoane*, 2011 WL 2132844, at *1.

Plaintiff contends that a "pre-answer ENE conference is necessary and/or appropriate because, with the assistance of the Court, a quick and easy settlement in this case should be reasonably probable." ECF No. 8 at 1. However, Defendant responds (and Plaintiff concedes) that Plaintiff already presented a settlement proposal, which was summarily rejected by Defendants. ECF No. 13 ("The parties have already explored early

settlement. Defendants considered Plaintiff's settlement demand. Defendants determined that settlement was not appropriate given its legal defenses. . . . Defendants do not believe further settlement discussion will be useful while the motions to dismiss are pending."); ECF No. 8 at 2 ("Plaintiff recently made a very simpl[e], modest and easy settlement proposal to the defense. The response was a one-sentence rejection, without any explanation or discussion whatsoever.").

Plaintiff has failed to specify why conducting an ENE before Defendant files an answer will reduce the expense and delay of litigation. In fact, conducting an ENE before Defendant files an answer could delay resolution of the case and increase the expense of litigation, especially since there are two motions pending. *See e.g.*, *Azco Biotech v. Qiagen, N.V.*, No. 12cv2599-BEN-DHB, 2013 WL 3283841, at *4 (S.D. Cal. June 26, 2013) (denying plaintiff's request for an expedited ENE because, though one defendant answered, the remaining four defendants filed motions to dismiss, explaining that "an Early Neutral Evaluation Conference is not appropriate at this time prior to resolution of Defendants' motion to dismiss. Indeed, it is unlikely that fruitful settlement discussions will occur given that four of the five Defendants anticipate being dismissed from this case"); *Seoane*, 2011 WL 2132844, at *1–*2 (denying the plaintiff's motion for an expedited ENE because the defendant had not filed an answer and because a motion to dismiss was pending, noting that "[f]urthermore, ordering the Defendants to participate in an expedited ENE despite their unwillingness to do so would likely increase costs and delay"). As such, Plaintiff's request for a pre-answer ENE is **DENIED**.

### B. Plaintiff's Request for Discovery

Plaintiff requests a pre-answer ENE "to begin the discovery process swiftly." ECF No. 8 at 2. Though the Court has denied Plaintiff's request for an ENE, it will consider Plaintiff's request for early discovery.

Since Defendants have not answered, no ENE has been scheduled and no Rule 26(f) conference has occurred. *See* CivLR 16.1(c) (ENEs occur within 45-days of the defendant's answer and the case management conference, preceded by the Rule 26(f)

conference, is held within 30-days of the ENE). "A party is generally not permitted to obtain discovery without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f)." *Satmodo v. Whenever Commc'ns*, No. 17cv192-AJB-NLS, 2017 WL 4557214, at *3 (S.D. Cal. Oct. 12, 2017) (citing FED. R. CIV. P. 26(d)(1)). However, the Court has discretion to permit early or expedited discovery upon a showing of good cause. *See Fluke Elecs. Corp. v. CorDEX Instruments*, No. C12-2082-JLR, 2013 WL 566949, at *10 (W.D. Wash. Feb. 13, 2013) ("Courts within the Ninth Circuit generally use a 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference"); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"); *see cf. In re Morning Song Bird Food Litig.*, No. 12cv1592-JAH-RBB, 2013 WL 12143947, at *2 (S.D. Cal. Jan. 25, 2013) ("The burden is on Plaintiffs to show a need for pre-Rule 26(f) discovery."), *aff'd & objections overruled by*, 2013 WL 12143948 (S.D. Cal. Apr. 2, 2013).

Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. "The court must perform this evaluation in light of 'the entirety of the record ... and the reasonableness of the request in light of all the surrounding circumstances.'" *Facebook v. Various, Inc.*, No. C-11-01805-SBA DMR, 2011 WL 2437433, at *2 (N.D. Cal. June 17, 2011) (quoting *Semitool*, 208 F.R.D. at 275). In determining whether good cause justifies expedited discovery, courts commonly consider factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elecs.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (citing *American LegalNet v. Davis*, 673 F.Supp.2d 1063, 1067 (C.D. Cal. 2009)); *see, e.g.*, *Zappia v. World Sav. Bank FSB*, No. 14cv1428-WQH-DHB, 2015 WL 1608921, at *2–*3 (S.D. Cal. Apr. 10, 2015) (using the *American LegalNet* factors to determine

whether good cause justified permitting discovery before the Rule 26(f) conference); *Richards Indus. Park v. FDIC*, No. 11cv2059-LAB-DHB, 2014 WL 12899121, at *4–*8 (S.D. Cal. Oct. 6, 2014) (same).

The Court finds that Plaintiff has not demonstrated the administration of justice is outweighed by the prejudice to Defendants sufficient to permit expedited discovery.[1] Particularly relevant to the Court's finding is (1) the timing of the request, (2) that no preliminary injunction is pending, (3) the purpose for requesting expedited discovery, and (4) volume of the discovery requested.

Plaintiff's request for discovery was made, at a minimum, four months[2] in advance of the typical discovery process. *See Human Rights Watch v. Drug Enf't Admin.*, No. 15cv2573-PSG-JPRx, 2015 WL 13648069, at *2 (C.D. Cal. July 10, 2015) (noting that "[t]his case is in its early stages, having just been filed three months ago," which weighed

---

[1] The Court notes that Plaintiff does not specifically request expedited discovery, and instead requests a pre-answer ENE as a catalyst to begin discovery. *See* ECF No. 8 ("a pre-answer ENE is imperative to begin the discovery process promptly"). To the extent this is meant to circumvent the good cause standard, the Court finds that the outcome would be the same. *See Contentguard Holdings v. ZTE Corp.*, No. 12cv1226-CAB-MDD, 2013 U.S. Dist. LEXIS 197605, at *4 (S.D. Cal. Jan. 16, 2013) (denying expedited discovery because a motion to dismiss was pending, and explaining that "in their motion, Plaintiff is not seeking expedited discovery pursuant to Rule 26(d). Instead, in an interesting deviation, Plaintiff seeks to compel Defendants to participate in a Rule 26(f) conference. … In this way, Plaintiff would be able to obtain certain discovery in advance of the pleadings being settled without showing 'good cause' under Rule 26(d). … This Court finds that there is no good cause to have the Rule 26(f) conference in this case precede the filing of the answer. Nor is there good cause to advance the ENE. Until the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear. It would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted.").

[2] *See generally* ECF No. 7 (setting briefing schedule on motions to dismiss, where the motions will not be fully briefed until February 1, 2021); FED. R. CIV. P. 12(a)(4)(A) (stating that if the court denies the motion to dismiss, the defendant must answer the complaint within 14 days); CivLR 16.1(c) (setting ENEs within 45 days after the defendant answers the complaint and Case Management Conferences within 30-days of the ENE).

against granting expedited discovery). The Court notes that one motion to dismiss was filed before Plaintiff's instant motion (ECF No. 5), and another motion to dismiss was filed thereafter (ECF No. 12). *See In re Morning Song Bird Food Litig.*, 2013 WL 12143947, at *3 (denying plaintiff's request for discovery before the Rule 26(f) conference, and explaining that "the operative complaint is challenged by motion practice, delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources"); *see also Celebrity Chefs Tour v. Macy's*, No. 13cv2714-JLS-KSC, 2014 WL 12165415, at *2 (S.D. Cal. Aug. 29, 2014) (collecting cases that illustrate that "[t]his ruling is in keeping with numerous other courts, which have denied parties' requests to expedite discovery on the same grounds when potentially dispositive motions are pending").

Also, a preliminary injunction is not pending in this case and Plaintiff has not expressed an intention to seek one. *Compare Hall v. Mims*, No. 11cv2047-LJO-BAM, 2012 WL 1498893, at *4 (E.D. Cal. Apr. 27, 2012) ("Unlike other instances where early discovery was granted, a preliminary injunction currently is not at issue, and Plaintiffs have not expressed an intention to seek one") *with Semitool*, 208 F.R.D. at 276–78 (permitting limited expedited discovery on claims of infringement and unfair competition because the Plaintiff required such information to seek a preliminary injunction).

Here, Plaintiff seeks to "begin the discovery process promptly, as the discovery in this case is going to be extensive … Defendants will likely obstruct and object to all discovery. Months of delay should be avoided." ECF No. 8 at 2. The Court finds this argument unpersuasive. *See Hall*, 2012 WL 1498893, at *3 ("While Plaintiffs' discovery requests may be relevant to prove their claims, Plaintiffs have not demonstrated the requested information is needed on an expedited basis. … Indeed, Plaintiffs acknowledged the underlying motivation to request early discovery was Plaintiffs' desire to 'move the case forward,' and to combat Defendants' alleged 'stall-tactics.' The desire to move a case forward in a timely manner, however, does not constitute a 'need for expedited discovery.'").

Plaintiff also seeks discovery "to assist in responding to the Government's forthcoming Rule 12 Motions[,]" because he "will soon be amending his complaint." *Id.*; *see also* ECF No. 10 ("discovery will also be needed in order to provide even further amendments to the Complaint, in order to defeat the series of motions to dismiss"). Plaintiff has provided the Court examples of 26 requests for production of documents served on Defendants, which Plaintiff states are "specific examples, not exclusive, of the types of documents and data discovery that will be needed, and will take months of years to fully achieve." ECF No. 8 at 2, 6–10. The Court finds that such voluminous discovery is not "narrowly tailored" so as to discover only the "minimum amount of information needed" to achieve its stated purpose. *Human Rights Watch*, 2015 WL 13648069, at *3; *see also Satmodo*, 2017 WL 4557214, at *4–*5 (denying expedited discovery when plaintiff sought voluminous discovery that would be costly and time consuming).

These considerations do not show the requisite good cause to permit expedited discovery. As such, Plaintiff's request for discovery at this stage is **DENIED**.

### III.   CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion requesting a pre-answer ENE and expedited discovery. ECF No. 8.

**IT IS SO ORDERED.**

Dated:  December 30, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge